10-2018-cv
Zapolski v. Federal Republic of Germany

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of April, two thousand and eleven.

PRESENT:

      RALPH K. WINTER,
      JOSÉ A. CABRANES,
          *Circuit Judges*,
      MARK R. KRAVITZ,
          *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OLEG ZAPOLSKI and SOFIYA ZAPOLSKAYA,

      *Plaintiffs-Appellants*,

      v.                           No. 10-2018-cv

FEDERAL REPUBLIC OF GERMANY, KARL DILLER, Federal Ministry of Finance, Secretary of State, DEUTSCHE BANK, KRAUSS, Finance Department of Tax Search and Criminal Cases of Berlin, RIEDEL-PALMER, Finance Department of Tax Search and Criminal Cases of Berlin, LOSSIUS, Finance Department, Erfurt, MARQUART, Finance Department of District Hellersdorf-Marzahn of Berlin, Manager, KLATT, Office of Public Prosecutor of Berlin, WITKOWSKI, Office of General Public Prosecutor of Berlin, BARTELS,

---

[*] The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

Administrative Court Tiergarten of Berlin, and THIEL, Land
Court of Berlin,

     *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**    Oleg Zapolski, *pro se*, Brooklyn, NY.

           Sofiya Zapolskaya, *pro se*, Brooklyn, NY

**FOR APPELLEES:**    No appearance.

   Appeal from an May 4, 2010, judgment entered in the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

   **UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

   Plaintiff-appellants Oleg Zapolski and Sofiya Zapolskaya, each proceeding *pro se*, appeal from the District Court's *sua sponte* judgment dismissing their amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

   With respect to the dismissal based upon appellants' failure to state a claim, a court has the inherent authority to dismiss meritless claims.  *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (affirming the district court's *sua sponte* dismissal of a complaint, notwithstanding the fact that plaintiff had paid the filing fee rather than requesting permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)).  Although the standard of review to be employed for such dismissals has not been decided, we need not reach that issue, because the district court's dismissal withstands even *de novo* review.  *See Fitzgerald*, 221 F.3d at 346 n.2.

   Even though all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.

   With respect to the District Court's dismissal for lack of subject matter jurisdiction, under the Federal Rules of Civil Procedure, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  This Court reviews a district court's factual findings regarding subject matter jurisdiction under the Foreign Sovereign

2

Immunities ACT (FSIA), 28 U.S.C. § 1604, for clear error and its legal conclusions *de novo*. *See Robinson v. Gov't of Malay.*, 269 F.3d 133, 138 (2d Cir. 2001). "[T]he FSIA provides the sole basis for obtaining jurisdiction over a foreign state in federal court." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989). "Subject to existing international agreements to which the United States [was] a party at the time of enactment of [the FSIA], a foreign state shall be immune from the jurisdiction of the courts of the United States . . . except as provided in [28 U.S.C.] sections 1605-1607." 28 U.S.C. § 1604.

Having conducted an independent and de novo review of the record in light of these principles, we affirm the judgment of the District Court for substantially the same reasons stated in its thorough and well-reasoned decision.

We have considered all of the arguments raised by appellants and find them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3